### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**TIMOTHY WAYNE PAUL, JR.**                                            **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 2:16-cv-5-KS-MTP**

**SHERIFF DANNY RIGEL, ET AL.**                                  **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's *ore tenus* motion to dismiss certain claims and upon the undersigned's finding at the omnibus hearing in this case.

### BACKGROUND

On January 8, 2016, Plaintiff Timothy Wayne Paul, Jr., proceeding *pro se* and *in forma pauperis*, filed his Complaint [2] pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Mississippi State Penitentiary. However, Plaintiff's claims arose while he was held at the Lamar County Jail in Purvis, Mississippi. According to Plaintiff, he was a pretrial detainee during the time period relevant to this action. The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on July 25, 2016. Plaintiff Timothy Wayne Paul, Jr. appeared *pro se* and Honorable Jessica Malone appeared on behalf of Defendants Sheriff Danny Rigel, Major Mike Harlin, and Diane Craft.

### ANALYSIS

**Voluntary Dismissal**

During the omnibus hearing, Plaintiff discussed his claims regarding the food and drink provided at the jail. Plaintiff, however, stated that he no longer wishes to pursue these claims and wants them dismissed. No defendant opposed the Plaintiff's request. Therefore, the

undersigned recommends that Plaintiff's claims regarding the food and drink provided at the jail be dismissed with prejudice.

**Claims Regarding Bond and Speedy Trial**

During the omnibus hearing, Plaintiff alleged that he was denied a reasonable bond and a speedy trial during his incarceration at the jail. These claims, which resulted from Plaintiff's criminal proceedings, must be dismissed at this time pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of criminal confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

Plaintiff's claims based on the alleged denial of a reasonable bond and speedy trial are clearly connected to his present confinement, which resulted after he entered a guilty plea. A judgment of this Court favorable to Plaintiff regarding these issues would necessarily implicate the validity of his current incarceration. Moreover, Plaintiff may not seek habeas relief in this Court unless his claims are first presented to the state courts for consideration, and Plaintiff has not done so. *See Parr v. Quarterman*, 472 F.3d 245 (5th Cir. 2006). Accordingly, the undersigned recommends that Plaintiff's claims regarding the alleged denial of a reasonable bond and speedy trial be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

**Claims Regarding Recreation Time**

Plaintiff also asserted claims regarding the recreation time provided at the jail. According to Plaintiff, he was allowed to go to the recreation yard in the evenings. At that time

of the day, it was daylight, but the sun was not shining directly on the inmates in the yard because the sun was behind the yard wall. Plaintiff asserts that he should have been allowed to experience direct sunlight.

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case.

The undersigned finds Plaintiff's claims regarding the recreation time to be frivolous and recommends that these claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).

**Claims Regarding Protective Custody and the Medical Unit**

During the hearing, Plaintiff alleged that inmates who are placed in protective custody or the medical unit are deprived of certain privileges. Plaintiff, however, stated that he had never been placed in protective custody or the medical unit. Instead, Plaintiff stated that he wants to improve conditions for other inmates. To the extent Plaintiff is attempting to bring a claim on behalf of other inmates, Plaintiff lacks standing to do so. *See Gregory v. McKennon*, 430 Fed. App'x. 306, 310 (5th Cir. 2011) (finding the prisoner would lack standing to seek Section 1983 damages for violations of other prisoners' rights); *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) ("[A] section 1983 claim must be based upon the violation of [a] plaintiff's personal rights, and not the rights of someone else."). Accordingly, the undersigned recommends that

Plaintiff's claims regarding protective custody and the medical unit be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

1. Plaintiff's claims regarding the food and drink provided at the jail be dismissed with prejudice,

2. Plaintiff's claims regarding the alleged denial of a reasonable bond and speedy trial be dismissed with prejudice until the *Heck* conditions are met,

3. Plaintiff's claims regarding the recreation time to be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and

4. Plaintiff's claims regarding protective custody and the medical unit be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 26th day of July, 2016.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge